IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DOUGLAS A. ASHCROFT,                          Civ. No. 07-1579-HO

        Plaintiff,                          ORDER

   v.

STATE OF OREGON, et al.,

        Defendants.

    Plaintiff filed the complaint on October 22, 2007. The amended complaint contains claims for violation of 42 U.S.C. 1983, negligence and false imprisonment. Defendants filed a motion to dismiss for failure to state a claim upon which relief may be granted. Plaintiff filed a motion for leave to allow late filing and motion in opposition. Plaintiff's motion for leave is granted. For the reasons that follow, defendants' motion to dismiss is granted, plaintiff's motion in opposition is denied and this action is dismissed.

## Plaintiff's Allegations

    The following allegations appear in the amended complaint.

On or about January 11, 2002, the Lincoln County district attorney and deputy district attorney allowed plaintiff to enter a plea of guilty except for insanity and the state court trial judge wrongfully placed plaintiff under the jurisdiction of the Psychiatric Security Review Board. On May 5, 2005, the Supreme Court of the State of Oregon vacated the PSRB's commitment order. The State of Oregon and PSRB wrongfully maintained plaintiff in custody from January 11, 2002, until June 6, 2005. Plaintiff's exhaustion of judicial remedies and legal disability did not cease until June 6, 2005. On or about October 25, 2005, plaintiff served notice of claim with the Office of Risk Management, Department of Administrative Services for the State of Oregon. Because of an assault conviction arising out of plaintiff's false imprisonment or illegal confinement at the Oregon State Hospital, this is a continuing tort. On or about October 20, 2004, plaintiff sustained injury when OSH staff members attempted to place him in physical restraints. Plaintiff was forced to take Zyprexa for one year without his consent and was given Vioxx, an anti-inflammatory medication found to have detrimental affects upon the human body and removed from consumption by the Food and Drug Administration.

    Plaintiff seeks declarations that defendants deprived him of his civil rights and that defendants' actions constituted negligence and caused plaintiff to be falsely imprisoned.

Plaintiff also seeks damages and "[i]njunctive relief on current conviction," and "[i]njunctive relief in the way of; no disciplinary sanctions being able to be imposed, reimbursement of all fines, and or fees that have been previously imposed."

## Discussion

A two-year limitations period applies to plaintiff's claims, which accrued no later than the cessation of his alleged legal disability on June 6, 2005.[1] Sain v. City of Bend, 309 F.3d 1134, 1139 (9th Cir. 2002); Or. Rev. Stat. §§ 12.110(1), 30.275(9). Plaintiff's allegation that he remains convicted for an assault committed during his confinement at the state hospital does not transform the alleged acts of defendants into "continuing torts." Plaintiff's claims are time-barred.

Furthermore, the Eleventh Amendment of the United States Constitution provides the State of Oregon with immunity from suits for damages and retrospective equitable relief. The State of Oregon is not amenable to suit for violation of Section 1983. The Hon. Robert Huckleberry is entitled to absolute judicial immunity. District Attorney Barnett and deputy district attorney Raymer are entitled to absolute prosecutorial or quasi-judicial immunity. The amended complaint contains no allegation against

---

[1] Plaintiff's allegation that he did not suffer from a mental disease or defect indicates that plaintiff's claims accrued much earlier than June 6, 2005, as plaintiff would have been aware of all the facts that support his claims.

3 - ORDER

the United States.

## Conclusion

Based on the foregoing, plaintiff's motion for leave to allow late filing [#60] is granted; defendant's motion to dismiss [#45] is granted; plaintiff's motion in opposition [#61] is denied.  This action is dismissed.

SO ORDERED.

DATED this __26th__ day of February, 2009.


                                    __s/ Michael R. Hogan__
                                    United States District Judge